# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

NEW VIRGINIA MAJORITY EDUCATION
FUND; VIRGINIA CIVIC ENGAGEMENT
TABLE; LEAGUE OF WOMEN VOTERS
OF VIRGINIA,

        *Plaintiffs,*

    v.

VIRGINIA DEPARTMENT OF
ELECTIONS; VIRGINIA STATE BOARD
OF ELECTIONS; CHRISTOPHER PIPER, in
his official capacity as Commissioner of the
Virginia Department of Elections; ROBERT
H. BRINK, in his official capacity as
Chairman of the State Board of Elections;
JOHN O'BANNON, in his official capacity as
Vice Chair of the Board; and JAMILAH D.
LECRUISE, in her official capacity as
Secretary of the Board,

        *Defendants.*

Civil Action
Case No. 3:20-cv-801

**COMPLAINT FOR TEMPORARY
RESTRAINING ORDER AND
EMERGENCY INJUNCTIVE RELIEF**

Plaintiffs, New Virginia Majority Educational Fund, Virginia Civic Engagement Table, and League of Women Voters of Virginia, by and through counsel, file this complaint for injunctive relief against Defendants Virginia Department of Elections and the Virginia State Board of Elections and Commissioners.  The outage of Virginia's Citizen Portal online voter registration system on the final day of voter registration on October 13, 2020, necessitates a brief but vitally important extension of the Virginia voter registration deadline.  Unless the voter registration deadline is extended to October 15, 2020, Plaintiffs' members and others will be deprived of their fundamental right to vote in the November 3, 2020, election.  Unless the voter registration deadline is extended to October 15, 2020, Plaintiffs New Virginia Majority Educational Fund, Virginia

Civic Engagement Table, and League of Women Voters of Virginia will have lost the opportunity to carry out their core mission and activity of assisting citizens to register to vote during one of the busiest registration days in four years in Virginia.

Plaintiffs allege upon information and belief as follows:

## INTRODUCTION

1. Plaintiffs are before this Court because Virginia's Citizen Portal Online Voter Registration ("OVR") website became unavailable on the morning of the voter registration deadline, depriving eligible voters of their opportunity to register in time to vote in the November 3, 2020, election. This is not the first time this has happened, as a similar outage affected voters at the close of voter registration in October of 2016. Plaintiffs ask this Court to enjoin the Virginia Department of Elections and the Virginia State Board of Elections and Commissioners from enforcing the voter registration deadline—and to keep online voter registration open and available—until 11:59 p.m. on October 15, 2020 to mitigate the harm of this outage on eligible Virginia voters. Absent relief, voters who attempted to register to vote through the online portal on October 13, 2020, but were unable through no fault of their own, will be absolutely disenfranchised in the upcoming elections.

2. There is "no right more basic in our democracy than the right to participate in electing our political leaders." *McCutcheon v. FEC*, 572 U.S. 185, 191 (2014). "It is beyond cavil that voting is of the most fundamental significance under our constitutional structure." *Burdick v. Takashi*, 504 U.S. 428, 433 (1992) (internal quotation marks and citation omitted). "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live." *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964); *see also Reynolds v. Sims*, 377 U.S. 533, 562 (1964) (referring to voting as a "fundamental political right . . . preservative of all rights").

2

3.   Virginia law provides that the voter registration deadline for Virginia voters is 21 days before the election, or October 13, 2020. VA CODE ANN. § 24.2-416.  Eligible United States citizens who were unable to register by October 13, 2020 due to the OVR system crashing, will be unable to exercise their right to cast a ballot in the upcoming 2020 general election on November 3, 2020.

4.   But on the morning of October 13, 2020, Virginia's OVR portal crashed and became unavailable to the citizens of Virginia. This outage began in the early morning hours of October 13 and lasted until approximately 4:00 p.m.

5.   A similar issue occurred in October 2016, when many Virginia residents experienced problems when using this website, either due to significant delays in website responsiveness or complete website failure resulting in a "file not found" error message. Then as now, these technological failures prevented individuals from looking up their voter registration status, printing voter registration forms, and registering to vote online. Several of Plaintiffs in this action filed suit, and this Court issued an order extending the voter registration deadline.  Order, *New Virginia Majority, et al. v. Virginia Dept. of Elections, et al.*, Case No. 1:16-cv-01319-CMH-MSN (E.D. Va. Oct. 20, 2016), ECF No. 10. . Eligible Virginia citizens should not have to pay the price for this technological failure. Unless the voter registration deadline is extended to October 15, 2020, Plaintiffs' members and others will be deprived of their constitutional right to vote in the November 3, 2020, election.  Unless the voter registration deadline is extended to October 15, 2020, LWV-VA, NVMEF, and VCET will have lost the opportunity to carry out their core missions of registering voters to vote during one of the busiest registration days in four years in Virginia.

## PARTIES

6.   Plaintiff NEW VIRGINIA MAJORITY EDUCATION FUND (NVMEF) is a non-profit group consisting of approximately 20,000 members across the Commonwealth to engage in mass organizing, leadership development, and strategic communications to champion the voices of communities of color, women, working people, the LGBTQIA+ community, and youth. Since 2015, the organization has registered over 300,000 voters in Virginia. NVMEF has trained hundreds of organizers and volunteer leaders. NVMEF has also trained hundreds of poll monitors and staffed regional command centers to respond to citizens' questions about voter eligibility and voting requirements. NVMEF has led voter registration drives throughout the Commonwealth.

7.   In 2020, due to COVID-19, NVMEF suspended in-person voter registration activity and shifted to focus educational efforts and outreach to online voter registration. The organization developed a voter information webpage with links to the Department of Elections citizen portal for voter registration, and have run extensive digital ad campaigns and social media campaigns to promote online voter registration. NVMEF's community organizers have also conducted education and outreach to community members, providing Virginians with flyers and information on how to register to vote online. The organization has sent out approximately 500,000 pieces of mail to Virginia voters directing them specifically to online resources.

8.   NVMEF has been forced to expend valuable time and other resources due to the online voter registration tool crashing. NVMEF staff and volunteers were inundated with questions from Virginia residents seeking help registering due to the website's failure and those who were concerned about its impact on early in-person voting. Since the online crash, NVMEF had to suspend its social media campaign directing Virginians to register online by the original deadline, and instead encourage voters to register in person by paper ballot by 5:00 p.m. at their local registrar's office.

9.   If the voter registration deadline is not extended, the NVMEF will be prevented from continuing to help people register to vote in the crucial last hours of the registration period.

10.   Plaintiff VIRGINIA CIVIC ENGAGEMENT TABLE ("the Table") strengthens and connects non-profit organizations that believe the Commonwealth works best when every voice is heard. VCET conducts voter registration and voter engagement work throughout Virginia. VCET also coordinates a coalition of Virginia-based organizations as they engage in voter registration and voter engagement work throughout the Commonwealth. The organization promotes voter registration directly through public communications, and by making available to its coalition partners data on hundreds of thousands of unregistered voters in the Commonwealth. VCET provides strategic guidance as well as technical support and voter outreach tools, such as call-dialing software and SMS text messaging software, to amplify its members' voter registration efforts.

11.   Plaintiff LEAGUE OF WOMEN VOTERS OF VIRGINIA ("LWV-VA" or "the League") is a nonprofit, nonpartisan membership organization that was founded in 1920. The organization consists of over 2,200 members across the Commonwealth. The League works to encourage informed and active participation in government and influence public policy through education and advocacy. The League supports full voting and representational rights for all eligible Commonwealth citizens and promotes policies that encourage voter participation. The League's comprehensive high school voter registration effort yields more than 6,000 new registrations among young people every year. In addition, the League reaches out to all Virginians through in person and virtual voter registration events, working especially with groups aiding disabled, elderly, and immigrant communities. Using the nonpartisan platform, vote411.org, the League

5

facilitates online voter registration and shares voter guide information with the public and registered more than 1,200 citizens in September 2020..

12. Defendant VIRGINIA DEPARTMENT OF ELECTIONS is the state agency headed by the Commissioner of Elections. Under Virginia's Administrative Code, the Department of Elections ("Department") is "authorized to establish and maintain a statewide automated voter registration system to include procedures for ascertaining current addresses of registrants… [and] to provide electronic application for voter registration and absentee ballots." 1 VAC Agcy. 20, 1 20, Agcy. Sum. 5.

13. Defendant VIRGINIA STATE BOARD OF ELECTIONS, through the Department of Elections, is tasked with "supervis[ing] and coordinat[ing] the work of the county and city electoral boards and of the registrars to obtain uniformity in their practices and proceedings and legality and purity in all elections." Va. Code Ann. § 24.2-103. The Board is further tasked with "mak[ing] rules and regulations and issu[ing] instructions and provid[ing] information consistent with the election laws to the electoral boards and registrars to promote the proper administration of election laws." Va. Code Ann. § 24.2-103. Under Virginia's Administrative Code, the Board is further "authorized to prescribe standard forms for voter registration and elections, and to supervise, coordinate, and adopt regulations governing the work of local electoral boards, registrars, and officers of election." 1 VAC Agcy. 20, 1 20, Agcy. Sum.

14. Defendant ROBERT H. BRINK is sued in his official capacity as Chairman of the State Board of Elections. As Chairman of the Board of Elections, Defendant Brink's responsibilities include supervising county and city electoral boards and registrars in their election practices thereby "obtaining uniformity in [election] practices and proceedings and legality and purity in all elections." Va. Code Ann. § 24.2-102.

15.  Defendant JOHN O'BANNON is sued in his official capacity as Vice Chair of the Board. As Vice Chair of the Board of Elections, Defendant O'Bannon's responsibilities include supervising county and city electoral boards and registrars in their 6 election practices thereby "obtaining uniformity in [election] practices and proceedings and legality and purity in all elections."

16.  Defendant CHRISTOPHER PIPER is sued in his official capacity as the Commissioner of the Virginia Department of Elections. As Commissioner, Defendant Piper "employ[s] the personnel required to carry out the duties imposed by the State Board of Elections."

17.  Defendant JAMILAH D. LECRUISE is sued in her official capacity as Secretary of the Board. As Secretary of the Board of Elections, Defendant LeCruise's responsibilities include supervising county and city electoral boards and registrars in their election practices thereby "obtaining uniformity in [election] practices and proceedings and legality and purity in all elections."

## JURISDICTION AND VENUE

18.  Plaintiffs bring this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation, under the color of state law, of rights secured by the United States Constitution.

19.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this action alleges a violation of federal law, and 28 U.S.C. § 1343 because this action requests equitable or other relief under statues protecting the right to vote and civil rights.

20.  This Court has personal jurisdiction over Defendants, who are sued in their official capacity only.

21.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

22. This Court has the authority to provide the emergency injunctive relief requested pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, 42 U.S.C. § 1983, and 28 U.S.C. §§ 2201 and 2202.

## STATEMENT OF FACTS AND LAW

23. Virginia state law requires that, in order to register, a person be 18 years of age on or before the day of the election or qualified pursuant and a resident of the Commonwealth and of the precinct in which he or she offers to vote. VA CODE ANN. §§ 24.2-101, 400.

24. The voter registration deadline in Virginia is Tuesday, October 13, for the November 3, 2020, election. VA CODE ANN. § 24.2-416.

25. Virginia residents are barred from voting a ballot that will be counted if they do not meet the registration deadline because, unlike a number of other states, Virginia does not permit eligible citizens to register during the Early Voting period or on Election Day.

26. A significant number of Virginia residents registered or attempted to register to vote in the days leading up to the registration deadline.

27. Although Virginia has an online voter registration tool, many Virginia residents experienced problems when using this website or complete website failure on October 13, 2020. Upon information and belief, the website first became unavailable in the early morning hours of October 13, 2020. These technological failures prevented individuals from looking up their voter registration status and registering to vote online.

28. Upon information and belief, the website did not come back online until approximately 4:00 p.m. on October 13, 2020.

29. Upon information and belief, problems with the website prevented thousands of eligible voters in Virginia from successfully completing online voter registration applications.

30. A significant number of Virginia residents register to vote in the days leading up to the

registration deadline.  Upon information and belief, racial and ethnic minorities tend to register disproportionately at higher rates during the last days of the registration period. Likewise, younger voters also tend to register at disproportionately higher rates during the last days of the registration period.

## CAUSES OF ACTION

### Count I:  First and Fourteenth Amendments, 42 U.S.C. § 1983

### Undue Burden on the Fundamental Right to Vote

31.  Plaintiffs re-allege and reincorporate by reference all prior paragraphs of this Complaint and the paragraphs in the counts below as though fully set forth herein.

32.  42 U.S.C. §1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

33.  Defendants' actions described herein were taken under color of the laws of the Commonwealth of Virginia.

34.  The First and Fourteenth Amendments safeguard the "precious" and "fundamental" right to vote and prohibit any encumbrance on the right to vote that is not adequately justified by valid and specific state interests.  *Harper v. Va. State Bd. of Elections*, 383 U.S. 663, 670 (1966); *Anderson v. Celebrezze*, 460 U.S. 780, 788–89 (1983).

35.  The unavailability of the state's online voter registration system for multiple hours on the

last day of voter registration imposes a significant burden on the fundamental right to vote by depriving citizens who were unable to register to vote in advance of the deadline of that right altogether.

36. Courts "must weigh 'the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate' against 'the precise interests put forward by the State as justifications for the burden imposed by its rule,' taking into consideration 'the extent to which those interests make it necessary to burden the plaintiff's rights.'" *Burdick*, 504 U.S. at 434 (quoting *Anderson*, 460 U.S. at 789).

37. Unless the voter registration deadline is extended, Plaintiffs' members and other citizens of Virginia will be irreparably disenfranchised in the coming general election. Plaintiffs themselves will be prevented from helping citizens register to vote through the online voter registration system, frustrating their core mission and activities in advancing that mission, and thereby disenfranchising those citizens in the coming general election.

38. Defendants do not dispute the material facts as laid out in this complaint.

39. Defendants do not oppose Plaintiff's requested relief to extend the voter registration deadline until 11:59 p.m. on October 15, 2020.

40. Absent injunctive relief, Plaintiffs will suffer irreparable harm. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request that this Court:

1. Enter an order that:

    A. Orders Defendants to extend Virginia's voter registration deadline up to and including 11:59 p.m. on October 15, 2020;

    B. Enjoins Defendants from closing online voter registration, or refusing to accept otherwise

proper voter registration forms, in Virginia prior to 11:59 p.m. on October 15, 2020;

    C.  Orders Defendants to provide public notice of the extended voter registration window by notifying all local media of the extension and by posting sufficient notice of the extension on the state election website, and by instructing local election officials to do the same.

2.  Award attorney's fees and costs associated with this litigation; and

3.  Provide any additional relief in favor of Plaintiffs and against Defendants that the Court deems just and proper.

Dated: October 13, 2020                Respectfully submitted,

<table>
<tr><td>

OF COUNSEL:
Ezra D. Rosenberg*
Julie M. Houk*
Ajay Saini*
Ryan Snow*
Kevin Benedicto*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20001
(202) 662-8600 (tel.)
(202) 783-0857 (fax)
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
asaini@lawyerscommittee.org
rsnow@lawyerscommittee.org
kbenedicto@lawyerscommittee.org

Gilda Daniels*
Jorge Luis Vasquez, Jr.*
Sabrina Khan*
Sharion Scott*
Jess Unger*
Advancement Project National Office
1220 L Street N.W., Suite 850
Washington, D.C. 20005
(202) 728-9557
gdaniels@advancementproject.org

</td><td>

/s/ N. Thomas Connally III
N. Thomas Connally III (VSB No. 36318)
Christopher T. Pickens (VSB No. 75307)
HOGAN LOVELLS US LLP
8350 Broad Street, 17th Floor
Tysons, VA 22102
Telephone: (703) 610-6100
Facsimile: (703) 610-6200
tom.connally@hoganlovells.com
christopher.pickens@hoganlovells.com

*Counsel for Plaintiffs New Virginia Majority Educational Fund, Virginia Civic Engagement Table, and League of Women Voters of Virginia*

</td></tr>
</table>

jvasquez@advancementproject.org
skhan@advancementproject.org
sscott@advancementproject.org
junger@advancementproject.org