IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| NEW VIRGINIA MAJORITY EDUCATION FUND; *et al.*, | |
| *Plaintiffs,* | Civil Action |
| v. | Case No. 3:20-cv-00801 |
| VIRGINIA DEPARTMENT OF ELECTIONS, *et al.,* | |
| *Defendants.* | |

**BRIEF IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs New Virginia Majority Educational Fund ("NVMEF"), Virginia Civic Engagement Table ("VCET"), and League of Women Voters of Virginia ("LWVVa"), by and through counsel, submit this brief in support of their motion for a temporary restraining order requiring Defendants, the Virginia Department of Elections and its Commissioner, and the State Board of Elections and its Chairman, Vice Chair, and Secretary, to take all action necessary to reopen and extend the October 13, 2020 voter registration deadline in Virginia until **Thursday, October 15 at 11:59 p.m.**, and to take all action necessary to provide notice to the public of the reopening and extension. Failure to extend the deadline—notwithstanding the inability of many Virginians to register to vote because Defendants' own online voter registration website was unavailable to voters on the final day of registration—violates the fundamental right to vote under the First and Fourteenth Amendments to the United States Constitution. Based on communications pre-filing, Plaintiffs understand the Defendants consent to the relief requested.

1

## INTRODUCTION

"No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined." *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964).

This lawsuit seeks emergency relief to prevent the disenfranchisement of thousands of eligible prospective voters in Virginia, through no fault of their own. The deadline to register to vote in Virginia for the November 2020 General Election is the date of this filing, October 13, 2020. During each election cycle in the state, tens of thousands of voters in Virginia utilize Defendants' website to submit voter registration applications. Prospective voters have until 11:59 p.m. on the day of the deadline to submit registration applications.

Early in the morning of October 13, 2020, Virginia's online voter registration system crashed and remained unavailable for much of the day. Defendants are aware that this crash made registration unavailable to Virginia citizens for much of the day, and do not dispute that the registration deadline must be extended for two days to protect the voting rights of citizens who are attempting to register online before the deadline, but are unable to do so, through no fault of their own.

Absent relief from this Court, many eligible prospective voters who attempted to register within the time that Virginia law permits, but were prevented from doing so by Defendants' broken website, will be disenfranchised in the upcoming election, in violation of the First and Fourteenth Amendments to the United States Constitution. This Court should grant a temporary restraining order requiring Defendants to reopen and extend the deadline until 11:59 p.m. on October 15, 2020, and to notify the public of the reopening and extension so that Virginians can register and vote.

## STATEMENT OF FACTS

In Virginia, the deadline to register to vote for the November 3, 2020 General Election is

October 13, 2020.  Va. Code Ann. § 24.2-416.  If an otherwise eligible citizen does not register by October 13, they will not be permitted to cast a ballot that counts in the upcoming election.

A significant number of Virginia residents register to vote in the days leading up to the registration deadline. Many eligible prospective voters register online using the Department of Elections' "Citizen Portal" website.  The Citizen Portal also permits voters to update existing registrations, apply for absentee ballots, and check the status of applications.

Plaintiffs New Virginia Majority Educational Fund, Virginia Civic Engagement Table, and League of Women Voters of Virginia are non-profit organizations that champion the voice of communities of color, women, working people, LGBT populations, and youth.  Volunteers and staff at New Virginia Majority Educational Fund, Virginia Civic Engagement Table, and League of Women Voters of Virginia have worked hard to register voters in the lead-up to the 2020 General Election, including by directing eligible prospective voters to the Citizen Portal Website.

In the early hours of the morning of October 13, 2020, a cut fiber-optic cable disrupted data circuits and virtual private network connectivity for multiple Commonwealth agencies.  This included a network outage on the Department of Elections' website, including the Citizen Portal.

At 9:48 a.m., the Department of Elections acknowledged the outage in a tweet, stating that the cut fiber-optic cable "has affected the citizen portal along w/ registrar's office."  The Department of Elections also noted that technicians had been sent to repair the problem, and that updates would be provided.

Nevertheless, the Department of Elections' website, including the Citizen Portal remained down for most of the day on October 13th until approximately 4:00 p.m..

While the website was down, visitors to the Citizen Portal received an error message, noting that the website was down, and directing prospective eligible voters to fill out and print applications as an

alternative:



The failure of the Citizen Portal on the *last day to register* before the 2020 General Election will disenfranchise many prospective voters. Throughout the day on October 13, prospective registrants were frustrated by the inaccessibility of the Citizen Portal. They took to social media to note their inability to register before the deadline. As seen in the Declaration of Morgan Conley ("Conley Decl."), Ex. 1 hereto, the nonpartisan Election Protection hotline received numerous calls from Virginia residents who were unable to register to vote on October 13, 2020, the last day of the registration period. These calls came from multiple cities and counties across the Commonwealth. These voters were frustrated and will be disenfranchised without the relief sought in this litigation.

Further, as expressed in the Declaration of Tram Nguyen ("Nguyen Decl."), Ex. 2 hereto, Plaintiff NVMEF "has been forced to expend valuable time and other resources due to OVR failing on the same date as the voter registration deadline in Virginia," and NVMEF "was inundated with questions from Virginia residents seeking help registering due to the website's failure and those who were concerned about its impact on early in-person voting. Nguyen Decl., ¶ 8. NVMEF was also forced to redirect

4

"significant staff time to attempt to troubleshoot this problem," was "fielding questions all day from Virginians vehemently attempting, but ultimately failing, to register online," and NVMEF "had to suspend our social media campaign directing Virginians to register online." Nguyen Decl., ¶ 9. *See also* Declaration of Irene Shin ("Shin Decl."), ¶¶ 11, 14; Ex. 3; Declaration of Deb Wake ("Wake Decl."), ¶ 4, Ex. 4.

Indeed, this frustrating outage made national media headlines, and many Virginia Officials, including the Lieutenant Governor, have called for an extension of the registration deadline. Gregory Wallace, *Virginia's Online Voter Registration System Crashes on Final Day*, CNN (October 13, 2020), https://www.cnn.com/2020/10/13/politics/virginia-voter-registration-system-election-2020/index.html ("The outage led the state's lieutenant governor, Justin Fairfax, to ask for an extension of the deadline. 'I am officially calling for Virginia's Registration Deadline to be extended beyond today due to the service outages impacting voters' ability to register statewide,' Fairfax said.")

This was not the first time prospective registrants in Virginia struggled to meet the state's voter registration deadline using the online voter registration system. Virginia's online voter registration system crashed several times in the lead-up to the registration deadline of October 17, 2016 for the 2016 General Election. In 2016, Plaintiffs NVMEF and VCET filed a lawsuit against the Defendants and sought an order extending the registration deadline by 72 hours. *New Va. Majority Educ. Fund v. Va. Dep't of Elections*, No. 16-cv-1319 (E.D. Va. 2016), Complaint, ECF No. 1.

The Court in that case granted a preliminary injunction, requiring the Defendants to extend the voter registration deadline until October 21, 2016. *New Va. Majority Educ. Fund v. Va. Dep't of Elections*, No. 16-cv-1319 (E.D. Va. Oct. 20, 2016), Order, ECF No. 10, Ex. 5 hereto.  In the additional time allotted by the court, nearly 28,000 voters were registered. *Almost 28,000 Virginia voters register online after deadline extended*, CNN (Oct. 24, 2016), https://www.cnn.com/2016/10/24/politics/thousands-in-

virginia-register-to-vote/index.html; Katherine Hafner, *28,000 Register to Vote After Virginia Deadline Extended Because of Website Problems*, The Virginian-Pilot (Oct. 22, 2016), https://www.pilotonline.com/government/virginia/article_c7b07e2c-97cb-526b-a255-8124ffc2c56d.html. The additional volume of registered voters provides just one indicator of the scale of voters that might be disenfranchised if the deadline to register is not extended to accommodate the failure of the online registration system.

In addition to providing an option for prospective voters to register online, the Department of Elections uses its network to provide up-to-date voter registration information to county registrars across the state. Since mid-September, voters across Virginia have had the ability to cast early ballots for the 2020 General Election. County officials responsible for providing early voting rely on up-to-date registration information from the Department of Elections.

## ARGUMENT

**A.      A Temporary Restraining Order Is the Appropriate Remedy.**

A Temporary Restraining Order or Preliminary Injunction is warranted if (1) the plaintiff will likely succeed on the merits, (2) the plaintiff will likely suffer irreparable harm if the preliminary injunction is denied, (3) the balance of equities favors granting a preliminary injunction, and (4) the public interest counsels in favor of granting the preliminary injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*, 700 F. App'x 251, 255 (4th Cir. 2017).

### 1.      Plaintiffs Are Likely to Succeed on the Merits.

To obtain preliminary injunctive relief, a complainant need show only a likelihood of success on the merits; she need not demonstrate actual success. *See Winter,* 555 U.S. at 32. Plaintiffs have two independent grounds for relief. As explained below, Plaintiffs are likely to succeed on the merits of their

claims. Defendants do not contest this.

> **a.     Defendants' Actions Severely Burden the Right to Vote Without Advancing any State Interest**

"No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined." *Wesberry v. Sanders,* 376 U.S. 1, 17 (1964). State election laws that burden the fundamental right to vote are subject to searching scrutiny. As the Supreme Court explained in *Anderson v. Celebrezze*, 460 U.S. 780 (1983) and *Burdick v. Takushi*, 504 U.S. 428 (1992), "[a] court considering a challenge to a state election law must weigh 'the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate' against 'the precise interests put forward by the State as justifications for the burden imposed by its rule,' taking into consideration 'the extent to which those interests make it necessary to burden the plaintiff's rights.'" *Burdick*, 504 U.S. at 434 (quoting *Anderson*, 460 U.S. at 789). When the restriction on the right to vote is "severe," the restriction "must be narrowly drawn to advance a state interest of compelling importance." *Norman v. Reed*, 502 U.S. 279, 280 (1992). But "[h]owever slight [the] burden may appear," "it must be justified by relevant and legitimate state interests 'sufficiently weighty to justify the limitation.'" *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 191 (2008) (plurality) (quoting *Norman*, 502 U.S. at 288-89).

If the October 13 registration deadline is not extended, thousands of Virginians will be disenfranchised entirely. These individuals attempted to register to vote during the period provided by Virginia law, in reliance on assurances from Defendants that the online registration system would be available throughout the day on October 13th, the final day for voter registration for the November 3rd general election, but are now disenfranchised. "[T]he basic truth [is] that even one disenfranchised voter—let alone several thousand—is too many[.]" *League of Women Voters of N.C. v. N. Carolina*

("*LOWV of N.C.*"), 769 F.3d 224, 244 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1735 (2015). Laws precluding citizens from voting entirely impose a severe burden on the right to vote, and courts routinely so hold. *Stewart v. Blackwell*, 444 F.3d 843 (6th Cir. 2006); *Project Vote v. Blackwell*, 455 F. Supp. 2d 694, 709 (N.D. Ohio 2006); *Northeastern Ohio Coalition for the Homeless v. Husted*, 696 F.3d 580 (6th Cir. 2012); *One Wisconsin Institute, Inc. v. Thomsen*, No. 15-cv-324, 2016 WL 4059222 (W.D. Wis. July 29, 2016); *Ayers-Schaffner v. DiStefano*, 860 F. Supp. 918, 921 (D.R.I.), *aff'd*, 37 F.3d 726 (1st Cir. 1994).

Courts across the country have extended registration deadlines in light of emergencies, including hurricanes, major storms, and technology failures. *Fla. Democratic Party v. Scott*, 215 F.Supp.3d 1250, 1259 (N.D. Fla. 2016) (issuing a temporary restraining order extending state voter registration deadline in light of Hurricane Matthew); *see also Georgia Coalition for The Peoples' Agenda, Inc. et al. v. Deal*, No. 16-cv-219, Doc. 16 at 1 (N.D. Ga. Oct. 14, 2016). In *Fla. Dem. Party*, the Court explained, Florida's refusal to extend its deadline voluntarily was a "severe burden that is subject to strict scrutiny" and was unconstitutional. *Id.* at 10-11. But even if less searching scrutiny applied, the court explained, Florida's refusal to extend registration "still would be unconstitutional" in light of the lack of any legitimate state interest and the "at best de minimis" burden of "extending voter registration." *Id.* at 11.

The same is true here. Indeed, Defendants do not oppose to the proposed relief of extending the voter registration deadline. The State thus has advanced no interest "sufficiently weighty" to justify even a "slight" burden on the right to vote, *Crawford*, 553 U.S. at 191, much less an interest of "compelling importance" that could justify the severe burdens at issue here, *Norman*, 502 U.S. at 280. The crash that prevented Virginians from registering for most of the day on October 13 do not arise from any fault of Virginia voters, and Defendants can have no legitimate interest in forcing Virginia citizens to pay the price—especially a price so great as complete disenfranchisement.

Plaintiffs are accordingly likely to prevail on the merits of their claim that Defendants' action

8

violates the fundamental constitutional right to vote.

### 2. Plaintiffs and Prospective Voters Will Suffer Irreparable Harm in the Absence of a Temporary Restraining Order.

Under state law, the voter registration deadline for Virginia voters is 22 days before election day, or October 13, 2020. Va. Code Ann. § 24.2-416. Eligible U.S. citizens who are Virginia residents and who failed to register by October 13, 2020 are now unable to register to cast a ballot in the upcoming general election on November 3, 2020. The conditions previously described have made it virtually impossible for many Virginia citizens to register by the statutory deadline.

Unless the October 13 voter registration deadline is extended as requested, members of and voters served by Plaintiffs and others will be automatically and totally disenfranchised in this coming election and left with no way to cure that disenfranchisement. Multiple Virginia residents from cities and counties across the Commonwealth were unable to register to vote on October 13, 2020, and will be disenfranchised absent the relief sought. *See generally,* Ex. 1, Conley Decl. Absent this Court's Temporary Restraining Order, Plaintiffs will suffer actual, severe, and irreparable harm by not being able to fulfill their core mission of registering people to vote or mobilizing as many people to the polls. Additionally, members of and voters served by Plaintiffs will suffer actual, severe, and irreparable harm by being automatically and totally disenfranchised in this election and left with no way to cure that disenfranchisement.

Additionally, Plaintiff NVMEF had to expend substantial resources, stop social media campaigns encouraging online registration, and had to attempt to troubleshoot the problem and help guide frustrated and confused voters experiencing site issues. *See generally,* Nguyen Decl. ¶¶ 8-10. Plaintiff VCET has already invested considerable staff time in the process of investigating and troubleshooting the OVR outage on October 13, 2020, asking its coalition members to halt their planned registration outreach push for the day of the deadline amidst reports of frustrated would-be voters stuck and unable to register. Shin

9

Decl. ¶¶ 10-13. Steep costs accompany prospective future efforts at remedial outreach with affected Virginians using VCET's call-dialing and SMS text-messaging software, given the per-call and per-text pricing, to say nothing of the cost of staff time diverted from get-out-the-vote efforts to attempts to address the OVR outage. Shin Decl. ¶¶ 11, 14. Plaintiff LWV-VA has scrambled to assist voters through social media and membership email alerts, communicating with the press, and even "offering to assist eligible Virginians by bringing them paper copies of voter registration forms while the outage prevented them from registering online." Wake Decl. ¶ 4.

Courts routinely find that any burden on or impediment to the right to vote is an irreparable harm. "Because there can be no 'do-over' or redress of a denial of the right to vote after an election, denial of that right weighs heavily in determining whether plaintiffs would be irreparably harmed absent an injunction." *Fish v. Kobach*, 840 F.3d 710, 752 (10th Cir. 2016); *see also Elrod v. Burns*, 427 U.S. 347, 373 (1976) (noting, in an election case, that the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"); *League of Women Voters of N.C. v. N. Carolina* ("*LOWV of N.C.*"), 769 F.3d 224, 244 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1735 (2015). Laws precluding citizens from voting entirely impose a severe burden on the right to vote, and courts routinely so hold. *Stewart v. Blackwell*, 444 F.3d 843 (6th Cir. 2006); *Project Vote v. Blackwell*, 455 F. Supp. 2d 694, 709 (N.D. Ohio 2006); *Northeastern Ohio Coalition for the Homeless v. Husted*, 696 F.3d 580 (6th Cir. 2012); *One Wisconsin Institute, Inc. v. Thomsen*, No. 15-cv-324, 2016 WL 4059222 (W.D. Wis. July 29, 2016); *Ayers-Schaffner v. DiStefano*, 860 F. Supp. 918, 921 (D.R.I.), *aff'd*, 37 F.3d 726 (1st Cir. 1994). Accordingly, Plaintiffs NVMEF and LWV-VA will be harmed absent the issuance of a Temporary Restraining Order directing Defendant to extend the voter registration deadline.

    **3.    The Balance of Equities Favors the Relief Requested.**

Extending the voter registration deadline is a narrow remedy that only minimally adds to

Defendants' administrative burden in running the election at hand. Faced with similar technical issues, in 2016 Virginia officials were able, after this Court's order, to extend the voter registration deadline. *See, e.g.*, Laura Vozzella, *After Computer Crash Shuts out Potential Va. Voters, McAuliffe to Seek Registration Deadline Extension*, Washington Post, Oct. 19, 2016, https://www.washingtonpost.com/local/virginia-politics/after-computer-crash-shuts-out-potential-va-voters-mcauliffe-to-seek-registration-deadline-extension/2016/10/19/8422aed4-962f-11e6-9b7c-57290af48a49_story.html; *Extended Voter Registration Draws 28,000 Online Applications*, Fauquier Times, Oct. 22, 2016, https://www.fauquier.com/news/extended-voter-registration-draws-28-000-online-applications/article_00ff65c4-98b4-11e6-8ef7-737242d02927.html; *New Va. Majority Educ. Fund v. Va. Dep't of Elections*, Case No. 1:16-cv-1319 (E.D. Va. Oct. 10, 2016) (granting preliminary injunction and ordering five-day extension of registration deadline following outage of online system). And, most importantly, Defendants not oppose the extension requested here.

On balance, Plaintiffs and their members and the Virginia residents that they serve would suffer far greater harm by having individuals being denied the right to vote than Defendants would face if required to continue to accept registration applications for through October 15. In the absence of a Temporary Restraining Order, voters will be stripped of their voices in the political process and will have no input regarding who will represent them and their communities. Conversely, the administrative burden placed on Defendants by an extension of the voter registration deadline would be *de minimis* at most. *See Taylor v. Louisiana*, 419 U.S. 522, 535 (1975) (declaring that "administrative convenience" cannot provide a valid justification for the deprivation of a constitutional right). *See also F.D.P. v. Scott*, 215 F.Supp.3d at 1258 ("This case pits the fundamental right to vote against administrative convenience. Of course, the State of Florida has the ability to set its own deadlines and has an interest in maintaining those deadlines. But it would be nonsensical to prioritize those deadlines over the right to vote, especially given

the circumstances here."). There is no good reason why the Defendants cannot and should not follow the same course this year as it did in 2016.

### 4. The Public Interest Favors Voter Participation and the Issuance of a Temporary Restraining Order.

"[T]here is the highest public interest in the due observance of all the constitutional guarantees . . . ." *United States v. Raines*, 362 U.S. 17, 27 (1960). Particularly "[t]he 'cautious protection of Plaintiffs' franchise-related rights is without question in the public interest.' " *Jones*, 950 F.3d at 830; *see also Raines*, 362 U.S. at 27 ("[T]he knowledge that otherwise-eligible voters were not counted would be harmful to the public's perception of the election's legitimacy" and "the public interest is served when constitutional rights are protected."); *Wesley Educ. Found.*, 408 F.3d at 1355–56; *D.E.C. of Fla. v. Lee*, 915 F.3d at 1327 ("[P]ublic knowledge that legitimate votes were not counted due to no fault of the voters—and with no reasonable notice to the voters that their votes would not be counted and no opportunity to correct that situation—would be harmful to the public's perception of the election's legitimacy. Yet protecting public confidence in elections is deeply important—indeed, critical—to democracy. And the public interest is served when constitutional rights are protected.") (citations omitted).

The right to vote is one of the most fundamental constitutional guarantees. *See Dunn*, 405 U.S. at 336. Courts consistently have held granting a preliminary injunction serves the public interest when it helps permit "as many qualified voters to vote as possible." *Obama for Am. v. Husted*, 697 F.3d 423, 437 (6th Cir. 2012); *see also League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016); *Jones*, 950 F.3d at 830; *Cox*, 408 F.3d at 1355; *D.E.C. of Fla. v. Lee*, 915 F.3d at 1321 (finding public interest favored denying stay of injunction where stay "would disenfranchise many eligible electors"); *Ga. Coal.*, 347 F.Supp.3d at 1268 (finding public interest favored injunction to permit voter registration applicants to vote in upcoming election); *Common Cause Ga. v. Kemp*, 347 F.Supp.3d 1270, 1296 (N.D.

Ga. 2018) (finding public interest favored injunction against rejecting provisional ballots); *Martin v. Crittenden*, 347 F.Supp.3d 1302, 1310 (N.D. Ga. 2018) (finding public interest favored injunction against rejecting disputed absentee ballots); *F.D.P. v. Scott*, 215 F.Supp.3d at 1258.

Accordingly, the public interest will be served by allowing every eligible resident the opportunity to register to vote and, therefore, the opportunity to cast ballots in this election.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue a Temporary Restraining Order requiring Defendants to extend the voter registration deadline to 11:59 p.m. on Thursday, October 15, 2020.

Dated: October 13, 2020

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL:<br>Ezra D. Rosenberg*<br>Julie M. Houk*<br>Ajay Saini*<br>Ryan Snow*<br>Kevin Benedicto*<br>Lawyers' Committee for Civil Rights Under Law<br>1500 K Street NW, Suite 900<br>Washington, DC 20001<br>(202) 662-8600 (tel.)<br>(202) 783-0857 (fax)<br>erosenberg@lawyerscommittee.org<br>jhouk@lawyerscommittee.org<br>asaini@lawyerscommittee.org<br>rsnow@lawyerscommittee.org<br>kbenedicto@lawyerscommittee.org | /s/ N. Thomas Connally III<br>N. Thomas Connally III (VSB No. 36318)<br>Christopher T. Pickens (VSB No. 75307)<br>HOGAN LOVELLS US LLP<br>8350 Broad Street, 17th Floor<br>Tysons, VA 22102<br>Telephone: (703) 610-6100<br>Facsimile: (703) 610-6200<br>tom.connally@hoganlovells.com<br>christopher.pickens@hoganlovells.com<br><br>*Counsel for Plaintiffs New Virginia Majority Educational Fund, Virginia Civic Engagement Table, and League of Women Voters of Virginia* |

Gilda Daniels*
Jorge Luis Vasquez, Jr.*
Sabrina Khan*
Sharion Scott*
Jess Unger*
Advancement Project National Office

13

1220 L Street N.W., Suite 850
Washington, D.C. 20005
(202) 728-9557
gdaniels@advancementproject.org
jvasquez@advancementproject.org
skhan@advancementproject.org
sscott@advancementproject.org
junger@advancementproject.org